UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Paul Dost, d/b/a Paul Dost Farms<br>9987 Overton St.<br>Reese, MI 48757 | Case No. 13-22622<br><br>Chapter 12 |
| SS#xxx-xx-1040 | Hon. Daniel S. Opperman |
| DEBTOR(S) | |

## CHAPTER 12 PLAN

The Debtor, for his Chapter 12 Plan, sets forth the following:

### INTRODUCTION

The Plan of the Debtor(s) outlined and stated below will call for certain payments to begin immediately and others to be delayed. The Debtor(s) proposal for payments is based on the following factors:

A. The relative time of plan commencement, vis a vis, the crop season, and financial needs based thereon.

B. The Plan is proposed in good faith and not by any means forbidden by law pursuant to 11 USC §1225, and all projections are in good faith.

C. To the best of Debtor(s) knowledge, the Plan comports with all provisions of the Code.

D. All values are based upon good faith estimates and/or previous agreements between certain creditors, and are based upon timing of confirmation.

1

# ARTICLE 1
## DEFINITIONS

Allowed Claim shall mean a Claim in respect of which a proof of claim has been filed with the Court within the period of limitation fixed by Rule 3001 as to which no objection to the allowance thereof has been raised within any applicable period of limitation fixed by Rule 3001 or an order of the Court, or as to which any such objection has been determined by an order or judgment which is no longer subject to appeal or certiorari proceeding and as to which no appeal or certiorari proceeding is pending.

Claim shall have the meaning as set forth in 11 USC Sec. 101 and include any right to payment, or right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, against the Debtor(s) in existence on or as of the Petition Date, whether or not such right to payment or right to an equitable remedy is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, not matured, disputed, undisputed, legal, secured and unsecured.

Allowed Secured Claim shall mean an Allowed Claim secured by a lien, security interest or other charge against or interest in property in which the Debtor(s) has/have an interest, or which is subject to set off under Section 553 of the Code, to the extent of the value (determined in accordance with Section 506 (a) of the Code) of the interest of the holder of such Allowed Claim in the Debtor(s) interest in such property or to the extent of the amount subject to such set off, as the case may be.

Allowed Undersecured Claim shall mean the difference between a creditor's Allowed Claim less such creditor's Allowed Secured Claim, and for which no lien, security interest or other charge against or in property in which the Debtor(s) has/have an interest is held.

Allowed Unsecured Claim shall mean the Allowed Claim of a creditor for goods or services to Debtor(s) prior to Debtor(s) filing this Chapter 12 case, which is not secured by lien, security interest or other charge against property of the estate, or subject to set off pursuant to Section 553 of the Code. This definition may include undersecured claims. This definition shall not include tax claims given priority status and treatment.

Effective Date shall be the date an Order is entered by the Court confirming the Plan.

Final Order shall mean an order or a judgment of the Court which has not been appealed and as to which order or judgment (or any revisions, modification or amendment thereof) the time to appeal or seek review or rehearing has expired.

Petition Date shall mean the date on which the Debtor(s) filed a voluntary Chapter 12 Petition with the Court, October 10, 2013.

Plan shall mean this *Chapter 12 Plan* in its present form or as may hereafter be amended, modified, or supplemented in accordance with the terms hereof or in accordance with the Code.

## ARTICLE 2
## TRUSTEE'S FEE AND DISPOSABLE INCOME

The Debtor(s) hereby submit(s) his/her/their future income to the supervision and control of the Trustee and agrees to pay the Trustee pursuant to statute for all disbursements paid through the Plan, and commits future disposable income as defined in 11 USC §1225 (b) (2) during the course of the Plan for payment to unsecured creditors.

## ARTICLE 3
## ADMINISTRATION AND PRIORITY CREDITORS

The administrative expenses of the Debtor(s) Chapter 12 case allowed pursuant to Section 503 (b) of the Code and each Allowed Claim entitled to priority pursuant to Section 507 (a) (2) or (6) of the Code shall be paid in full in deferred cash payments unless otherwise ordered by the Court, or upon such other terms as may be agreed upon by the holder of such allowed expense or Allowed Claim and the Debtor(s). Where required by the Code and upon approval by the Court, Debtor(s) shall pay all administrative expenses on a current basis. These claims shall be unimpaired.

**Court approved attorney fees**: Claims of the Debtors' attorney which may be approved by the court will be paid by the trustee from the funds paid by the Debtors to the trustee under Article 9, below. The trustee shall pay the claim from the first funds received and prior to payments to secured, priority, and general unsecured claims.

## ARTICLE 4
## CLASSIFICATION AND TREATMENT OF CLAIMS

**Class 1 -Tuscola County Treasurer:** The claim shall be paid in full plus statutory interest upon receipt of the state PA116 refunds. Creditor shall retain all liens. The trustee shall make no payments on the claim.

**Class 2 -USDA Farm Service Agency:** The Allowed Secured Claim (Claims Register #5) shall be

3

paid in full. Creditor shall retain all liens.

Interest shall accrue at 3.75% on note 43-02 and note 43-09. Interest will accrue at 1.25% on note 44-07 and note 44-09.

Note payments will be restructured. Payments will be made annually in the cumulative amount of $37,750 with the first payment due 12-31-2014. Payments shall be applied $11,600 applied to note 43-02; $6950 applied to note 44-07; $13,300 applied to note 44-08; and $5900 applied to note 43-09.

Existing arrearages will be deemed cured by plan confirmation. The trustee shall make the payments on the claim while this chapter 12 case is pending. The debtor shall make the payments on the claim thereafter.

The trustee shall make the payments on the claim while this chapter 12 case is pending. The debtor shall make the payments on the claim thereafter.

**Class 3 -John Deere Credit:** The claim shall be paid in full plus interest at 4.25% per annum from the date of the claim. Three annual payments of $1670 shall be made on or before December 31, in 2014, 2015 and 2016 in satisfaction of the claim. All payments will be made by the trustee. Creditor shall retain all liens.

**Class 4 -Independent Bank:** The claim shall be paid in full, plus interest at the contract rates. Creditor shall retain all liens.

Notes # 4013001490 and #4013002548, the home equity lines of credit, are current and up to date. Payments will be made by the co-borrower according to the terms of the notes.

Note #4115000521-728 is current and up to date. Interest shall accrue at the current contract rate. Monthly payments at the current contract amount will be made by the Guarantor, Blue Line Trucking, Inc. through the maturity date. The maturity date shall be extended to March 15, 2017.

Note #3345000587-785 is current and up to date. Interest shall accrue at the current contract rate. Monthly payments, at the current contract amount, will be made by the co-borrower, Joyce Dost through the maturity date. The maturity date shall be extended to March 15, 2017.

The trustee shall make no payments on the claim. Collection costs, including attorney fees, shall not result in additional payment(s), but may increase the maturity balance(s) due with allocation to the 4 notes at the bank's discretion.

4

**Class 5 - Northstar Bank:** The claims of Northstar are, or may be, undersecured by the assets of the Debtor, but may be fully secured by all collateral including the assets of Paul Dost Farms, LLC.

The claim of $1,275,084.30 (Claims Register #7) shall be paid in full. Creditor shall retain its liens. Interest shall accrue from the date of the claim at 4.25% per annum. Payments of $96,000 shall be made annually until the claim is paid in full with the first payment due on or before Feb. 1, 2015.

The trustee shall make the payments on the claim while this chapter 12 case is pending. The debtor shall make the payments on the claim thereafter.

**Class 6 --General Unsecured Claims :**

Based on the attached liquidation analysis, unsecured creditors would receive the remainder after payment of liquidation sale costs, trustee fees, trustee attorney fees and any other administrative expenses. The $17,025 estimate shown on the attached analysis may be optimistic.

This plan will distribute $18,000 to all unsecured claims, including the Debtor's attorney fees, and chapter 12 trustee fees. Currently,(based on the trustee's current fee %) the trustee would be paid $1170 out of these payments leaving $16,830 for attorney fees (administrative priority) and the distribution to general class 6 claims. All payments will be made by the trustee.

Disbursements by the trustee on these claims shall occur after all other secured and priority claims have been paid.

## ARTICLE 5
## PAYMENTS OF CLAIMS BEYOND THE TERM OF THE PLAN

All secured claims, except as provided above, will extend, by their terms, beyond the term of this Plan, and will continue to be paid over an extended period of time, as described above.

## ARTICLE 6
## EXECUTORY CONTRACTS

The Debtor(s) may reject any executory contract that the Debtor(s) hereafter may determine as burdensome, which rejection may be accomplished by filing with the Court an application to reject said contract, together with an Affidavit of a mailing of such notice upon all

parties affected by such rejection on or before the entry of an Order by this Court of Confirmation of the Debtor(s) Plan of Reorganization and causing a hearing to be held on said notice either before or after confirmation. The Debtor(s) may withdraw and cancel his/her/their application and notice to reject by filing written notice of such withdrawal, together with an Affidavit of mailing thereof upon all parties affected thereby with the Court on or before the hearing by this Court.

<u>Executory contracts and Unexpired Leases Relating to General Operations</u>. All Executory contracts, including USDA program contracts, and unexpired leases relating to the general farming operations, and all other operations of the Debtor(s), are hereby accepted.

**A. Rhode Bros Land Contract:** The land contract is assumed. Payments are up to date with future payment to be made direct by the Debtor; not through the trustee.

**B. Tenexco, Inc:** The mineral lease contract is assumed without change and unimpaired.

**C. Kovacs Trust:** The settlement agreement and contract is assumed to the any extent necessary. The settlement reached with the Kovacs Trust created a receivable for Paul Dost Farms, LLC and was approved in the prior chapter 12, case # 12-21476.

## ARTICLE 7
## RETENTION OF JURISDICTION

Until this case is closed, the Court shall retain jurisdiction (i) to hear and determine all claims against Debtor(s) arising prior to the Confirmation Date, (ii) to hear and determine all claims and causes of action arising prior to the Confirmation Date which may exist in Debtor(s) favor if Debtor(s) shall seek such hearing and determination by the Court, (iii) to hear and determine all matters relating to the administration of the bankruptcy estate, (iv) to modify the Plan pursuant to the provisions of section 1229 of the Code, and (v) to make such orders as are necessary or appropriate to effectuate the provisions of the Plan in accordance with section 1226, 1227, and 1228 of the Code. The Court shall retain jurisdiction, and the stay shall continue, until the plan is completed, or a discharge has been granted unless this case is dismissed or converted by the Court on a prior date. This Article shall not be construed to alter post confirmation administrative rights or remedies.

## ARTICLE 8
## VESTING OF PROPERTY OF THE ESTATE

Except as provided in Section 1228 (a) of Title 11, United States Code, and except as provided in this Plan or the Order Confirming Plan, the property of the estate is vested in the

6

13-22622-dob    Doc 46    Filed 01/22/14    Entered 01/22/14 15:12:35    Page 6 of 8

Debtor(s) free and clear of any claim or interest of any creditor provided for by this Plan, pursuant to Section 1227 (b) of Title 11, United States Code. Nonetheless, the stay shall continue until the time a discharge is granted, or denied.

The secured creditors herein shall, pursuant to 11 USC §1225, retain their liens securing their claims, unless otherwise provided above.

### ARTICLE 9
### PLAN PAYMENTS AND ACCOUNTINGS

The Debtor(s) shall make payments to the trustee's office on the following schedule throughout the life of this Plan:

- $45,000 on or before Dec. 15, 2014 and this same amount on the same date in 2015 and 2016

- $110,000 on or before Jan.15, 2015 and this same amount on the same date in 2016 and 2017.

- **Balloon payment**: The Debtors shall remit additional sums, as may be necessary, to complete all plan payments as provided above within 36 months of plan confirmation.

### ARTICLE 10
### EFFECTIVE DATE OF PLAN

This Plan shall be effective on the date of the Order confirming the Plan; provided, however, that no appeal of the Order of Confirmation has been filed. In the event such an appeal is filed, this Plan shall be effective as of the date the Order of Confirmation becomes final and binding on all parties.

### ARTICLE 11
### MISCELLANEOUS PROVISIONS

A. Execution of Plan: The Debtor(s) shall generate the funds necessary for the execution of this Plan through their cash crop and livestock farming operations.

B. <u>Ordinary Course of Business</u>: The Debtor(s) shall be allowed, after plan approval and, without approval of this Court, to seek operating loans, secured by a crop lien, each spring to continue its ongoing farming operations.

C. <u>Co-Signers</u>: If Buyers of the Debtor(s) farm products issue checks co-signed to lien holders, then the lien holder shall release the proceeds to the Debtor(s) so long as payments by the Debtor(s) to the Trustee and to creditors under this Plan are kept current. In the alternative, the lien holder shall endorse the check payable to the Trustee.

D. <u>Other Income</u>: Any and all income of the Debtor(s) which is paid to the Trustee by an entity or person, other than by the Debtor(s), shall be released by the Trustee to the Debtor(s), unless otherwise provided in this Plan or as directed by subsequent court order, so long as all payments by the Debtor(s) to the Trustee and to creditors under the Plan are kept current. No additional orders shall be necessary and said releases to the Debtor(s) shall not be subject to the Trustee's commission.

E. Confirmation of the Plan shall not divest the court of any power or jurisdictional authority necessary to enter orders under 11 USC section 363, and/or section 1206, regardless of whether property remains in the estate or is vested in the Debtor under the plan or as provided in the Bankruptcy Code.

F. Any "consent" required by 11 USC section 363, or other section of the code, may be granted by an interested party, and shall be deemed to have been granted, by silence, or lack of objection, after appropriate notice as required by the Code and Bankruptcy Rules.


Date <u>Jan. 21, 2014</u>  /s/ Paul Dost  
Paul Dost, Debtor

Date <u>Jan. 21, 2014</u>  */s/ Daniel L. Kraft*  
Daniel L. Kraft (P37382)  
Attorney for Paul Dost Farms, LLC  
320 W Ottawa Street  
Lansing, Michigan 48933  
Phone: 517-485-8885  
Email: kraftd3@sbcglobal.net

a:\shelly\c12plan.reo